Filed 5/22/23  P. v. Ellis CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLES L. ELLIS,<br><br>    Defendant and Appellant. | D080647<br><br><br><br>(Super. Ct. No. SCD245230) |

APPEAL from an order of the Superior Court of San Diego County, Kenneth K. So, Judge.  Reversed and remanded with instructions.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Alan L. Amann and Christine Y. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

In 2014, Charles L. Ellis pleaded guilty to attempted murder, carjacking, assault by means likely to produce great bodily injury, robbery,

assault with a deadly weapon, and burglary. Pursuant to the parties' stipulation, the court sentenced Ellis to 18 years 4 months in prison.

Eight years later, Ellis filed a resentencing petition under Penal Code section 1170.95 (now § 1172.6)[1] based on recent changes to attempted murder liability in California. (Stats. 2018, ch. 1015, §§ 2–3 (Sen. Bill No. 1437); Stats. 2021, ch. 551, § 2 (Sen. Bill No. 775).) The trial court summarily denied his petition without issuing an order to show cause. On appeal, Ellis contends he made a prima facie showing entitling him to relief under section 1172.6, such that the court must issue an order to show cause. The Attorney General concedes the error. We agree, reverse the order, and remand the matter for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

A.      *The Incident*[2]

T. King had known R. Cohen for about a week through Facebook when King agreed to give Cohen a ride from San Diego to Murrieta. When King picked up Cohen in December 2012, Cohen successfully convinced King to also pick up his friend, Ellis. After Ellis got into the car, he and Cohen threatened, carjacked, and kidnapped King at gun point. Cohen took over the driver's seat, and King sat in the front passenger seat. Cohen drove and picked up another friend, T. Reed. Ellis and Reed were sitting in the back seat of the car.

---

[1]      All undesignated statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6 without substantive change pursuant to Assembly Bill No. 200 (2021-2022 Reg. Sess.) (Assembly Bill No. 200). (See Stats. 2022, ch. 58, § 10.) We will refer to the statute as renumbered.

[2]      We draw on testimonies from the preliminary hearing to provide context for the underlying charges against Ellis.

Cohen drove to a store to procure duct tape, then to a "dark parking lot" by a pharmacy. There, someone in the back seat hit King's head. Ellis, Reed, and Cohen fought to constrain King. King did not recall who put him in a choke hold, but he lost consciousness soon thereafter. He woke up locked inside the car trunk with his wrists and feet duct-taped together. Someone opened the trunk, and King was carried out and placed under the car. King heard one of them (he did not know who) say, "Let's kill him now. Let's get him." King also heard "[a]ll three of them" "arguing" about "[w]hat they were going to do next." Someone then choked King again until he "blacked out."

King woke up the following morning in pain. His neck was swollen, and he had cuts and bruises. He "used all [his] strength" to sit up, tore the duct tape around his hands with his teeth, then removed the duct tape off of his feet. Ellis, Reed, and Cohen were nowhere in sight. King walked to a restaurant and called 911.

B.    *The Charges and Plea*

In April 2013, the San Diego County District Attorney charged Ellis and his codefendants with attempted murder (§§ 187, subd. (a), 664; count 1); kidnapping for robbery (§ 209, subd. (b)(1); count 2); kidnapping during a carjacking (§ 209.5, subd. (a); count 3); carjacking (§ 215, subd. (a); count 4); assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 5); robbery (§ 211; count 6); making a criminal threat (§ 422, subd. (a); count 7); assault with a deadly weapon (§ 245, subd. (a)(1); count 8); burglary (§ 459; count 9); and petty theft (§ 484, subd. (a); count 10). The information further alleged Ellis personally inflicted great bodily injury (§ 12022.7, subd. (a)) to the victim as to counts 1 to 5.

In January 2014, Ellis pleaded guilty to counts 1, 4-6, 8 and 9. He further admitted: "I attempted to unlawfully kill a human being and

personally inflicted [great bodily injury or GBI] upon him; unlawfully took a motor vehicle using force and fear with the intent to permanently deprive the owner of the vehicle, and personally inflicted GBI in so doing; assaulted a person by force likely to cause GBI, and personally inflicted GBI[;] took property from a person's immediate presence by force and fear; committed an assault with a deadly weapon; and entered a building with the intent to commit theft[.]  I did all of this with accomplices [Cohen and Reed]."  The court dismissed the remaining counts and enhancements, and sentenced Ellis to 18 years 4 months in prison.

C.     *Section 1172.6 Petition*

In March 2022, Ellis filed a petition for resentencing under section 1172.6.  In his petition, Ellis alleged (1) that "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; (2) that he "accepted a plea offer in lieu of a trial at which [he] could have been convicted of . . . attempted murder"; and (3) that he "could not presently be convicted of . . . attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

In its response to the petition, the prosecution contended, "Here, petitioner and his co-participants strangled the victim and left him for dead with his hands and feet bound.  Prior to doing so, they specifically said, 'Let's kill him now' and discussed their options for what to do with the victim.  The record is devoid of any imputed malice theory.  A petitioner convicted of attempted murder has been established beyond a reasonable doubt to have

4

acted with the malice required under amended sections 188 or 189. As such, petitioner is ineligible for resentencing as matter of law." At the prima facie hearing, the prosecution further argued, "That record of conviction is completely devoid of any suggestion that—or proof that Mr. Ellis was in fact tried as an aider and abettor or on [a Model Penal Code] theory. And as a result, Mr. Ellis is ineligible for the relief he seeks." Ellis countered that the court should accept as true his "factual assertion," "that he was not a direct aider and abettor," "and that malice was imputed to him."

The court concluded, "I think *the People have the better argument*. And I know in your pleading you asserted certain things. But *from the evidence* that's already been submitted, I don't believe that this—your case falls under Penal Code Section [1172.6]. I *have a relatively good memory of the actual trial of the codefendants—codefendant*." (Italics added.) The court provided no further elaboration on its reasoning.

DISCUSSION

Ellis contends that he made a prima facie case for relief under section 1172.6 and the court erred in denying his relief. The Attorney General agrees reversal and remand for further proceedings are required, because the record of conviction does not conclusively establish Ellis's ineligibility for relief. We also agree.

Effective January 1, 2019, Senate Bill No. 1437 (Senate Bill 1437) changed " 'certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending Penal Code sections 188 and 189, as well as by adding Penal Code section [1172.6], which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions.' " (*People v. Saibu* (2022) 81 Cal.App.5th 709, 731.) Effective

5

January 1, 2022, Senate Bill No. 775 clarified that the changes brought by Senate Bill 1437 encompass attempted murder convictions. (*People v. Porter* (2022) 73 Cal.App.5th 644, 651–652; *People v. Sanchez* (2022) 75 Cal.App.5th 191, 193 (*Sanchez*).)

As amended, "section 188, subdivision (a)(3), prohibits imputing malice based solely on participation in a crime," thereby removing the natural and probable consequences doctrine as a basis to "prove an accomplice committed attempted murder." (*Sanchez, supra*, 75 Cal.App.5th at p. 196.) As amended, section 189 requires proof that "[a] participant in the perpetration or attempted perpetration" of a felony murder—such as robbery, kidnapping, or burglary—was (1) the actual killer; (2) an aider and abettor of the killer with the intent to kill; or (3) a major participant in the underlying felony and acted with reckless indifference to human life, as described in section 190.2, subdivision (d). (§ 189, subds. (a) & (e).)

A person may seek vacatur of his attempted murder conviction and resentencing by filing a section 1172.6 petition. (§ 1172.6, subd. (a)(3).) Upon such filing, the court must "determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) The petitioner is entitled to relief if he alleges, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine," (2) he "accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of . . . attempted murder," and (3) he "*could not* presently be

6

convicted of . . . attempted murder *because of changes* to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a), italics added.)

The prima facie inquiry is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) The court must accept the petitioner's allegations as true and "should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Ibid.*) "If the petition and record in the case establish *conclusively* that the [petitioner] is ineligible for relief, the trial court may dismiss the petition" as a matter of law. (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*), italics added, citing *Lewis, supra*, 11 Cal.5th at pp. 970–972.) But if the court determines there is a prima facie showing, it must issue an order to show cause and hold a hearing to determine whether to vacate the attempted murder conviction. (§ 1172.6, subds. (c), (d)(1).)

Whether the petitioner has made a prima facie showing of entitlement to relief under section 1172.6 is a " 'purely legal conclusion, which we review de novo.' " (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

As both parties agree, the trial court exceeded the bounds established in *Lewis* for prima facie review. In his petition, Ellis alleged (1) he was charged with felony murder or attempted murder in which malice was imputed based solely on his participation in a crime or under the natural and probable consequences doctrine; (2) he accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder; and (3) he could not presently be convicted of attempted murder because of changes to sections 188 and 189. Accepted as true, these allegations meet the requisite prima facie showing for relief under section 1172.6. The trial court erred in concluding otherwise.

7

First, the court improperly made a factfinding based on its "memory of the actual trial of the codefendants" or "codefendant" that Ellis was not entitled to relief. (See, e.g., *People v. Flores* (2022) 76 Cal.App.5th 974, 991 ["To find petitioner ineligible for resentencing on this record would require judicial factfinding, which is impermissible at the prima facie stage."].) Second, in agreeing that the prosecution had the better argument, the court appears to accept the prosecution's contention that Ellis, Reed, *and* Cohen "specifically said, 'Let's kill him now.' " The prosecution drew this fact from the preliminary hearing transcript. It is improper, however, for the court to consider the transcript at the prima facie stage because Ellis did not stipulate to the transcript as a factual basis for his plea. (*People v. Davenport* (2021) 71 Cal.App.5th 476, 481–482 [concluding the "court erred in considering facts from the preliminary hearing transcript here because [defendant] did not stipulate to the transcript as a factual basis for his plea."].)

Even if it were proper, the cited portion of the transcript, standing alone, does not conclusively establish as a matter of law that Ellis was ineligible for relief. King testified someone, but he did not know who, said, "Let's kill him now." Thus, this portion of the preliminary hearing transcript relied on by the prosecution does not "conclusively" establish (*Strong, supra,* 13 Cal.5th at p. 708) Ellis acted with an intent to kill or malice aforethought, or was a major participant in an underlying crime who acted with reckless indifference to human life (see §§ 188, (a)(3), 189, subd. (e)). Because the court erred in reaching a contrary finding, we reverse and remand for further proceedings.

## DISPOSITION

The order is reversed, and the matter is remanded to the superior court with directions to issue an order to show cause and to hold an evidentiary hearing under section 1172.6. We express no opinion on the outcome of such a hearing.

CASTILLO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DATO, J.

9